1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER PRESTFIELD,                    No.  1:20-cv-01551-NONE-EPG (PC)

12              Plaintiff,

13        v.                                     ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR SUMMARY JUDGMENT, WITHOUT
14    GEORGE M. ZAKHARY,                         PREJUDICE

15              Defendant.                       (ECF No. 28)

16

17        On May 21, 2021, Plaintiff Christopher Prestfield, a state inmate proceeding *pro se* and *in*

18   *forma pauperis* in this civil-rights action, filed a "motion requesting summary judgement in a

19   reasonable amount due to denial of reasonable court access." (ECF No. 28). The motion requests

20   "a reasonable summary judgment in this case given [] the essential denial of court access" and

21   suggests that "$10,000.00 should be reasonable" There are at least three deficiencies in this

22   motion that require the Court to deny it without prejudice.

23        First, although titled a motion for summary judgment, Plaintiff's motion is not a proper

24   motion for summary judgment. Under Federal Rule of Civil Procedure 56(a), a party may move

25   for summary judgment on an identified claim on which summary judgment is sought. Here,

26   Plaintiff appears to identify *a claim*, "denial of court access," for which he seeks summary

27   judgment. However, Plaintiff never brought such a claim in his complaint. (*See* ECF No. 1).

28   Moreover, as explained in this Court's November 12, 2020 order, the only claim identified in the

                                              1

complaint, and the only claim that this Court permitted to proceed past the screening stage, is Plaintiff's claim that Defendant Zakhary violated Plaintiff's Fourteenth Amendment rights by failing to provide certain information before medical treatment. (ECF No. 5, pp. 4-6). Accordingly, because Plaintiff does not seek summary judgment on *the claim identified in the complaint*, his motion is not a proper motion for summary judgment.

Second, Plaintiff's motion does not comply with this Court's local rules. Under Local Rule 260(a), "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any . . . document relied upon to establish that fact." Moreover, "[t]he moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers." (*Id.*). However, Plaintiff failed to file a "Statement of Undisputed Facts" or any evidence in support of his motion. *See also* Fed. R. Civ. P. 7(b)(1) (requiring a motion to "state with particularity the grounds for seeking the order").

Third, based on the facts of this case, the Court finds that Plaintiff's motion is premature because discovery has not yet been opened.

Accordingly, IT IS ORDERED that Plaintiff's motion for summary judgment (ECF No. 28) is DENIED without prejudice to Plaintiff filing a future motion for summary judgment in compliance with this Court's local rules and after discovery has been opened.

IT IS SO ORDERED.

Dated: __**May 24, 2021**__ 　　　　　 /s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE