UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PRESTFIELD,<br><br>   Plaintiff,<br><br> v.<br><br>GEORGE M. ZAKHARY,<br><br>   Defendant. | Case No. 1:20-cv-01551-NONE-EPG (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR A COMPETENCY HEARING AND FOR APPOINTMENT OF PRO BONO COUNSEL,<br><br>(ECF NO. 34) |

  Plaintiff Christopher Prestfield is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim that Defendant violated his 14th Amendment rights by failing to obtain his informed consent in operating on Plaintiff to repair a facial fracture because Defendant did not advise Plaintiff of the specific risk of severe post-operative neurological pain. (ECF No. 5).

  On August 30, 2021, Plaintiff filed a "petition requesting psychiatric review of Plaintiff and possible appointment of counsel for mental health reasons or other measures." (ECF No. 34). For the reasons that follow, the Court will construe the filing as a combined motion for a competency hearing and for appointment of pro bono counsel and will deny the motion without prejudice.

1

**I.      PLAINTIFF'S MOTION**

Plaintiff's filing states that he "apparently" has become increasingly delusional over the course of the last six months while confined at Kern Valley State Prison (KVSP). (ECF No. 34, p. 1). In Plaintiff's words: "Plaintiff has been under the distinct impression that he is not currently being housed in a real California State Prison. Rather, Plaintiff believes that he is currently being housed in some sort of weird psychiatric or perhaps military research facility." (*Id.* at 2). Plaintiff has informed mental health staff at KVSP about his delusions, that he is increasingly suicidal, and that he poses a threat to KVSP staff and other inmates, yet "his concerns in this regard have been intentionally ignored because he is in fact being held in some sort of weird psychiatric or military research facility." (*Id.*). Given these circumstances, Plaintiff states "that it is essentially impossible for him to continue to litigate" this case and requests "psychiatric review by a court appointed psychiatrist/psychologist and/or appointment of counsel in this matter." (*Id.* at 3). Because "[a] request for a court order must be made by motion," the Court construes Plaintiff's filing as a motion.

**II.     ANALYSIS**

  a.    Motion for a Competency Hearing

Plaintiff's request for a mental health evaluation, recitation of delusions, and warnings of self-harm and danger to others implicates his competency and thus the need to hold a competency hearing, and, if warranted, to appoint a guardian ad litem. Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). If an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

While Plaintiff has alleged that he has delusions whether he is in a real prison or some other type of facility, he has not raised "a substantial question" as to his competency to conclude that a hearing is warranted. Here, Plaintiff has offered only unsworn allegations that he may be under some delusion as to the type of prison. However, more is required, such as sworn statements and medical records indicating that he is in fact incompetent. *Harris v. Macomber*, No. 2:16-cv-0830 DB P, 2016 WL 6696057, at *1 (E.D. Cal. Nov. 15, 2016). ("In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history.").

Moreover, the fact that Plaintiff is experiencing symptoms of a mental health disorder does not necessarily mean that he is incompetent to proceed with his case. *See Hoang Minh Tran v. Gore*, No. 10CV464-GPC DHB, 2013 WL 1625418, at *3 (S.D. Cal. Apr. 15, 2013) ("[L]ower courts have indicated that showing a history of mental illness, by itself, is not enough to constitute substantial evidence of incompetence."). Under Rule 17(b)(1), a person's capacity to sue is measured by the law of his domicile. Assuming that Plaintiff is domiciled in California,[1] the state where he is imprisoned, "[i]n California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing sources omitted).

Here, the record and Plaintiff's combined motion do not demonstrate that he lacks the capacity to understand what is happening in this case. Rather, taking his allegations at face value, Plaintiff recognizes that he may be experiencing delusions about his surroundings and has been able to present a coherent argument requesting relief. *Hoang Minh Tran v. Gore*, No. 10-cv-464-GPC DHB, 2013 WL 1625418, at *5 (S.D. Cal. Apr. 15, 2013) (finding that a

---

[1] The Court assumes that Plaintiff is domiciled in California but notes that his status as a prisoner in the state does not conclusively determine the issue. *See United States v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012) ("We do not decide whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction, a question that the Ninth Circuit has yet to address.").

plaintiff failed to present "substantial evidence of incompetence to require a competency hearing" where the plaintiff "was cooperative, able to articulate his position, engage in appropriate dialogue with the Court, and appeared to clearly understand the proceedings"). Similarly, assuming that Plaintiff has mental health issues, he has not presented a nexus to show how such issues would impact his litigation of the case. *See Torres v. Jorrin*, No. 20CV891-AJB (BLM), 2020 WL 5909529, at *3 (S.D. Cal. Oct. 6, 2020) ("Without more specific and current information regarding his mental impairments, the Court cannot find a nexus between Plaintiff's cognitive capability and his alleged inability to articulate his claims.").

Additionally, Plaintiff's interest in this case appears to be adequately protected. To date, Plaintiff has been actively litigating this case, and his filings, while not always successful, have at least been understandable. (*See e.g.* ECF Nos. 25, 26, 28, 30). Accordingly, Plaintiff's construed motion for a competency hearing will be denied without prejudice.

      b.  <u>Appointment of Pro Bono Counsel</u>

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

Plaintiff's motion for appointment of pro bono counsel will be denied. This case is not particularly complex. It is proceeding against one defendant on Plaintiff's allegations that the

defendant did not properly inform him of the dangers of a medical procedure. And, as noted, Plaintiff's filings in this case have thus far been coherent, including the instant filing. Thus, Plaintiff appears to be able to litigate this action.

As to Plaintiff's likelihood of success on the merits, the Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.

Accordingly, Plaintiff's motion for appointment of pro bono counsel will be denied without prejudice. Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

### III.   ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's combined motion for a competency hearing and for appointment of pro bono counsel (ECF No. 34) is denied without prejudice. Should Plaintiff file a future motion for a competency hearing or for the appointment of counsel for mental health reasons, he is directed to submit evidence of his mental health issues, such as sworn statements (*e.g.*, a declaration) and/or medical records or documents from his institution supporting his incompetency claim.

IT IS SO ORDERED.

Dated:   **August 31, 2021**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE