UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PRESTFIELD,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE M. ZAKHARY,<br><br>Defendant. | Case No. 1:20-cv-01551-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 38)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Christopher M. Prestfield is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Doctor George M. Zakhary has moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing this action. For the reasons given below, it is recommended that Defendant's motion for summary judgment be granted and this case be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff filed his complaint on November 2, 2020. (ECF No. 1). This action is proceeding on Plaintiff's Fourteenth Amendment claim regarding Defendant's alleged failure to advise Plaintiff of risks associated with a surgery to repair a facial fracture. (ECF No. 5, pp. 2, 5-6).

On September 24, 2021, Defendant filed a motion summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing this action. (ECF No. 38).

Plaintiff filed an opposition on October 19, 2021, and Defendant filed a reply on October 26, 2021. (ECF Nos. 39, 40).

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

In a summary judgment motion for failure to exhaust, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**B. Exhaustion**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the

relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736 (2001); *see Ross v. Blake*, 578 U.S. 632, 643 (2016).

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (citations and internal quotation marks omitted).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. at 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (internal citations omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

\\\

## III. DISCUSSION

### A. The Parties' Positions

#### 1. Defendant's motion for summary judgment

Citing to the California Code of Regulations, Defendant argues that administrative remedies were available to Plaintiff regarding his claim. (ECF No. 38-1, pp. 7-8). Specifically, Plaintiff had the right to file a grievance concerning "health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a). Any grievance would have to be filed within 30 days of "[t]he action or decision being grieved" or the "[i]nitial knowledge of the action or decision being grieved." Cal. Code Regs. tit. 15, § 3999.227(b)(1)-(2). Additionally, the grievance would be required to include in a clear and coherent manner "any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement," or if there is not information to identify any staff member, "any other available information that may assist in processing the health care grievance." Cal. Code Regs. tit. 15, § 3999.227(g)(1)-(2). And the grievance would be "subject to an institutional level review and [could] receive a headquarters' level grievance appeal review, if requested." Cal. Code Regs. tit. 15, § 3999.226(a)(1). And "[t]he headquarters' level review [would] constitute[] the final disposition on a health care grievance and exhaust[] administrative remedies . . . ." Cal. Code Regs. tit. 15, § 3999.230(h).

Defendant argues that although Plaintiff is familiar with the health care grievance process, having submitted numerous grievances before and after the events at issue in the complaint, Plaintiff failed to submit a health care grievance relating to the claim at issue here—Defendant's alleged failure to properly inform Plaintiff of the risks of his June 21, 2019 operation to repair a facial fracture at the Community Medical Center in Fresno, California. (ECF No. 38-1, p. 9). While Defendant acknowledges that Plaintiff filed two health care grievances generally touching on his face injury, LAC HC 19000928 and SAC HC 20000167, neither relate to the claim presented in the complaint. (*Id.* at 4-5). Specifically, LAC HC 19000928 concerned allegedly improper care at the Treatment and Triage Area at California

State Prison before Plaintiff's surgery—alleging that staff tried to treat Plaintiff with only a "pain shot"—and improper medical care after his surgery—alleging that Plaintiff received inadequate pain medication. (ECF No. 38-2, pp. 22-37). And SAC HC 20000167 concerned the discontinuation of a specific medication, Gabapentin, following Plaintiff's surgery. (*Id.* at 39-50). Defendant argues that because neither of these grievances relate to the claim at issue here, and Plaintiff filed no other health care grievance related to his claim, Plaintiff has failed to properly exhaust his administrative remedies before filing suit. (ECF No. 38-1, p. 10).

In support of the motion for summary judgment, Defendant has submitted the declaration of S. Gates, who is currently employed by California Correctional Health Care Services (CCHCS) in the Policy and Risk Management Services division as the Chief of the Health Care Correspondence and Appeals Branch. (ECF No. 38-2, p. 1). Citing the California Code of Regulations discussed above, Gates recounts the procedural mechanism available to Plaintiff to file a health care grievance. (*Id.* at 2). And Gates declares that, since August 1, 2008, health care grievances have been processed by CCHCS. (*Id.*). All levels of the process are tracked through a computer database called the Health Care Appeals and Risk Tracking System (HCARTS), which "is kept as a regularly conducted activity, and the computer entries are made at or near the time of the occurrence by the employee who is processing the health care appeal/grievance." (*Id.*). Gates's office conducted a review of HCARTS, which reveals that Plaintiff never submitted any health care appeal related to the claim at issue here. (*Id.* at 3-4). Gates has provided an attached printout of Plaintiff's grievance history spanning 2007-2021 (*Id.* at 7-14).

## 2. Plaintiff's opposition

Plaintiff's opposition asserts that he did file health care grievances "on more than one occasion relatively soon after the procedure that is at the heart of this action." (ECF No. 39, p. 2). He alleges that prison officials "simply failed to respond" to them "on numerous occasions until it became obvious that the only remedy in this case . . . must be obtained through the courts." (*Id.*). Plaintiff states that he cannot prove that he filed the health care grievances "because it is the Defendant's agents and officers responsibility to document and record the

contested filings." (*Id.* at 3).

Plaintiff states that this Court has noted that he "appears to be a rational and capable actor."[1] (*Id.*). Plaintiff argues that common sense dictates that a rational person would have exhausted his administrative remedies before filing suit. (*Id.* at 4). He also states that he pled guilty in his criminal case because the facts showed he was guilty and he did not want to "waste anyone's time," indicating that he would not waste time in this case by falsely claiming he filed health care grievances. (*Id.* at 5). Plaintiff concludes by asserting that he is more likely to be telling the truth than Defendant, who has failed to "act in good faith" in other cases similar to his. (*Id.*). Plaintiff attaches no sworn document supporting his allegations.

### 3. Defendant's reply

Defendant's reply argues that Plaintiff's unsworn statements that he exhausted his administrative remedies may not be considered admissible evidence for purposes of opposing their motion for summary judgment. (ECF No. 40, p. 5) (citing Fed. R. Civ. P. 56(c)(1)(A)). Defendant states that because Plaintiff has failed to reproduce Defendant's statement of undisputed facts as required by Local Rule 260(b), this Court may accept Defendant's statement of undisputed facts as true.[2] (*Id.* at 3). And Defendant contends that, although he has provided over 5,000 pages of documents to Plaintiff in this case, Plaintiff is unable to point to any single document to support his unsworn allegations. (*Id.* at 8). Moreover, Plaintiff provides no details concerning his alleged submission of the grievances, such as how many grievances he submitted, and fails to explain why his other grievances were processed but not those relating to the claim in this case. (*Id.* at 7-9). In support of the reply, Defendant offers the

---

[1] Perhaps Plaintiff is referring to the Court's order denying Plaintiff's motion for a competency hearing and *pro bono* counsel, in which the Court concluded, "And, as noted, Plaintiff's filings in this case have thus far been coherent, including the instant filing. Thus, Plaintiff appears to be able to litigate this action." (ECF No. 35, p. 5).

[2] Local Rule 260(b), provides, in part, as follows: "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. *See* L.R. 133(j)."

declaration of defense counsel Howard Skebe, which discusses the documents provided to Plaintiff as part of this case, including documents related to the issue of exhaustion. (ECF No. 40-1).

### B.     Analysis

As an initial matter, Defendant has shown, and Plaintiff does not dispute, that there was an available administrative remedy for Plaintiff to pursue. Specifically, at the time relevant to Plaintiff's claim, Plaintiff could file a grievance relating to "health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on [his] health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a). Moreover, he could pursue further review of any grievance at the institutional level and headquarters level. Cal. Code Regs. tit. 15, §§ 3999.226(a)(1), 3999.230(h).

Additionally, Plaintiff does not dispute Defendant's contention that neither of the two health care grievances discussed above (LAC HC 19000928 and SAC HC 20000167) relate to his claim. Accordingly, the only issue is whether Plaintiff submitted any health care grievance related to his claim that Defendant failed to properly advise him of the risks involved with his June 21, 2019 surgery.

On this point, Defendant has produced evidence that Plaintiff failed to file any health care grievance related to his claim; specifically, the declaration of Gates and attachments showing that all health care grievances and responses are tracked in HCARTS and that review of this system revealed no health care grievance relating to the claim in this case. *See* Fed. R. Civ. P. 56(c)(1) (noting that a party asserting that a face cannot be genuinely disputed may support the assertion with "declarations" among other documents); (ECF No. 38-2, p. 2). This evidence is also memorialized in Defendant's Statement of Undisputed Facts, which this Court may accept as undisputed because Plaintiff failed to admit or deny those facts as required by Local Rule 260(b). *See Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)).

The Court concludes that because Defendant has carried his burden to show that there

was an available administrative remedy and that Plaintiff did not exhaust that remedy prior to commencement of this lawsuit, "the burden shifts to [Plaintiff] to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino II*, 747 F.3d at 1172.

Here, Plaintiff asserts that he filed an unspecified number of health care grievances regarding his claim, but they were "not recorded and responded to." (ECF No. 39, p. 3). Plaintiff appears to be invoking a line of authority, noted above, that a prison's failure to process a grievance means that a court will deem the exhaustion requirement satisfied. *See Fordley v. Lizarraga*, No. 19-15691, 2021 WL 5227674, at *7 (9th Cir. Nov. 10, 2021) ("[W]here inmates take reasonably appropriate steps to exhaust but are precluded from doing so by a prison's erroneous failure to process the grievance, we have deemed the exhaustion requirement satisfied."). Plaintiff also contends that he is a truthful and rational person who would have exhausted his administrative remedies.

As an initial matter, as Defendant points out, Plaintiff's above statements in his opposition are not sworn under penalty of perjury. Thus, the opposition brief is not admissible as evidence on summary judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (noting that a court may consider verified pleadings as evidence for *pro se* parties); *Johnson v. Sandy*, No. 2:12-cv-02922-JAM-AC-P, 2015 WL 1894400, at *1 (E.D. Cal. Apr. 24, 2015) ("Unsworn declarations not signed under penalty of perjury do not constitute admissible evidence properly considered in ruling on a motion for summary judgment." (citing 28 U.S.C. § 1746)).

However, even if Plaintiff had sworn to the statements in his opposition, they would be insufficient to defeat summary judgment. Notably, although Plaintiff contends that the grievances were not responded to, Plaintiff's allegations lack any detailed factual support that would help to ascertain whether he filed any health care grievance. For example, Plaintiff does not provide a description of the contents of any grievance nor allege when, where, how, or to whom he submitted it. Moreover, Plaintiff does not put forth evidence that he took any follow-up action on the grievances he claims to have filed; rather, he indicates that he decided to file

9

suit because "it became obvious that the only remedy . . . must be obtained through the courts." (ECF No. 39, p. 2). Relatedly, Plaintiff admits that he cannot provide any evidence in support of his assertions, for example, any copy of a health care grievance he claims he submitted after his surgery. Lastly, Plaintiff fails to provide any explanation for why his other health care grievances were properly recorded and responded to, yet his purportedly filed grievances on this one claim were not.

In sum, the Court concludes that Plaintiff's allegations do not raise a genuine issue of fact because "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997); *see Combs v. Moore*, No. 1:19-cv-00390-NONE-BAM, 2020 WL 6561124, at *6 (E.D. Cal. Nov. 9, 2020) (finding no genuine issue of material fact because "[t]here is no evidence before the Court, aside from Plaintiff's own allegations, that he ever attempted to submit any grievances related to the claims in this action prior to the filing of this lawsuit" and "Plaintiff . . . failed to present more than his own allegations, unsupported by evidence in the record, to demonstrate that he was unable to exhaust his administrative remedies"), *report and recommendation adopted*, 2021 WL 534878 (E.D. Cal. Feb. 11, 2021); *Otto v. Quinn*, No. EDCV 16-1883 AB (AS), 2019 WL 4221090, at *4 (C.D. Cal. June 6, 2019) (finding that plaintiff's "conclusory and unsupported assertion that he exhausted his administrative remedies is insufficient to avoid summary judgment"), *report and recommendation adopted*,  2019 WL 7037781 (C.D. Cal. Dec. 19, 2019).

Because the PLRA requires complete exhaustion of a grievance prior to filing suit, and because Plaintiff did not exhaust his claim prior to filing suit, Defendant's motion for summary judgment should be granted and this case should be dismissed without prejudice for failure to exhaust. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed").

///

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendant's motion for summary judgment (ECF No. 38) be GRANTED; and

2. This action be DISMISSED without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (21) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2021**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

11